Filed 8/30/22 In re McKinney CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re JOHN MCKINNEY, on Habeas Corpus. | G061440 |
| | (Super. Ct. No. 9CF1955) |
| | O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a late notice of appeal. Petition granted.

Appellate Defenders, Inc., and Jill Kent for Petitioner.

Rob Bonta, Attorney General and Charles C. Ragland Senior Assistant Attorney General for Respondent.

\* \* \*

THE COURT:*

Petitioner John McKinney seeks relief from the failure to file a timely notice of appeal. The petition is granted.

In March 2010, petitioner and a co-defendant were charged by information with first-degree murder along with an allegation the murder was committed during the commission of a robbery. In May 2012, a jury found him not guilty of first-degree murder but guilty of the lesser included offense of second-degree murder. In May 2012, the court sentenced petitioner to 15 years-to-life in state prison.

Petitioner's conviction was affirmed by this court in November 2013.

In January 2019, petitioner filed a petition pursuant to former Penal Code section 1170.95, to vacate his murder conviction. Section 1170.95 has been amended and renumbered as section 1172.6. (Stats 2022, ch. 58, § 10, eff. June 30, 2022).

The court appointed the Associate Defender to represent him. Attorney Denise Gragg, the director of the Associate Defender represented him regarding his petition.

On July 16, 2019, the trial court denied petitioner's request for relief under former Penal Code section 1170.95, ruling that it was unconstitutional, and that petitioner had not established a prima facie case because the evidence determined he was the actual killer and that he was a major participant acting with reckless indifference to human life. Petitioner was not present during any of the proceedings connected with his petition or its denial. A copy of the denial was sent to Ms. Gragg on July 16, 2019. The last day for timely filing a notice of appeal would have been September 14, 2019. Ms. Gragg did not file a notice of appeal on petitioner's behalf.

---

* Before Bedsworth, Acting P.J., Sanchez J., and Marks J. *

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2

Petitioner was never advised of the ruling denying his petition. Moreover, Ms. Gragg never consulted with him regarding an appeal of the denial or advise him that he had a right to appeal by filing a notice of appeal by himself. Had petitioner learned that his petition was denied in July 2019, he would have asked her to file a notice of appeal on his behalf, or he would have done so himself.

Petitioner was paroled from prison on May 1, 2020. Petitioner along with his wife left numerous messages on Ms. Gragg's voicemail to find out the status of his petition, but he never received any return calls from her.

Ms. Gragg retired from the Associate Defender Office in November 2020. Michael Hill took over the head position at the Associate Defender Office. On June 6, 2021, he filed a notice of appeal after discovering Ms. Gragg had not filed one following the order denying the petition.

The Attorney General does not oppose petitioner's request for relief to file the notice of appeal.

Petitioner received ineffective assistance of counsel that entitled him to the constructive filing of a notice of appeal. (*Roe v. Flores-Ortega* (2000) 528 U.S. 470.) In *Roe,* the United States Supreme Court concluded that where trial counsel has been ineffective in failing to properly consult with his or her client about the appeal process, and that "constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." (*Id.* p. 484.)

Here, Ms. Gragg never communicated with petitioner about the denial of his former Penal Code section 1170.95 denial. She never consulted with him about an appeal, and she failed to file a timely notice of appeal on his behalf. Had petitioner learned that his petition was denied in July 2019, he would have requested of her to file a notice of appeal on his behalf, or he would have done so himself.

3

The petition is granted. The Clerk of the Superior Court is directed to treat the notice of appeal filed on petitioner's behalf as being timely filed. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.